UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONSTANT,<br><br>    Plaintiff,<br><br>    v.<br><br>SCHORR LAW,<br><br>    Defendant. | Case No. 2:21-cv-08608 JFW (KES)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the United States Magistrate Judge. (Dkt. 6 ["R&R"].) The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections (Dkt. 10) have been made. The Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

    In his Objections, Plaintiff contends that "the Complaint can be amended and refiled under the Bivens doctrine." (Dkt. 10 at 2.) However, just as "a private lawyer representing a client in the lawyer's traditional adversarial role is not considered a state actor for purposes of § 1983" (R&R at 2) (citation omitted), "[p]rivate lawyers with no connection to the federal government cannot be sued

under <u>Bivens</u>." <u>Vennings v. Sigal</u>, No. 2:19-CV-2544, 2019 WL 5654055, at *2, 2019 U.S. Dist. LEXIS 189246, at *3 (D.S.C. Oct. 10, 2019), <u>report and recommendation adopted</u>, No. CV 2:19-2544, 2019 WL 5617939, 2019 U.S. Dist. LEXIS 189845 (D.S.C. Oct. 31, 2019), <u>aff'd sub nom.</u> <u>Vennings v. Leeke</u>, 797 F. App'x 113 (4th Cir. 2020); <u>accord</u> <u>Brodie v. Worthington</u>, 841 F. Supp. 2d 91, 97 (D.D.C. 2012), <u>aff'd sub nom.</u> <u>Brodie v. Rosen</u>, No. 12-5021, 2012 WL 1927268, 2012 U.S. App. LEXIS 9211 (D.C. Cir. May 4, 2012); <u>Guyton v. Lappin</u>, No. 3:11-CV-1390, 2012 WL 511571, at *5, 2012 U.S. Dist. LEXIS 19136, at *17 (M.D. Pa. Feb. 15, 2012).

IT IS THEREFORE ORDERED that Judgment be entered dismissing the Complaint without prejudice but without leave to amend.

DATED: December 28, 2021

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

2